# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

|  |  |
|---|---|
| FRANCISCO ANAYA-MONTIEL,  ) | |
| ISRAEL ANTONIO-RAMIREZ,  ) | |
| JUAN ANTONIO-RITA,  ) | |
| SAUL ARELLANO-HIDALGO,  ) | |
| GERARDO AVILA-ARROYO,  ) | |
| PEDRO BARTOLO-ALBINO,  ) | |
| ZENAIDO BENITEZ-HERNANDEZ,  ) | |
| MARIO BONILLA-HERNANDEZ,  ) | |
| ANTONIO BRICAIRE-BENITEZ,  ) | |
| PEDRO CATSELLANOS-De La CRUZ,  ) | |
| BULMARO CHAVEZ-CALLEJAS,  ) | |
| GERMAN CHAVEZ-CHAVEZ,  ) | |
| EDMUNDO CHAVEZ-NAVA,  ) | |
| RAUL CHAVEZ-RESENDIZ,  ) | |
| NESTOR CRUZ-BENITEZ,  ) | |
| JULIO CUELLAR-GARCIA,  ) | |
| CELSO DeJESUS-GARCIA,  ) | |
| FILOMENO De La CRUZ-REYES,  ) | **CIVIL ACTION** |
| ELIEL DEL ANGEL-SIMBRON,  ) | |
| JUAN ANTONIO DURAN-MORA,  ) | |
| GONZALO ESTEBAN-GONZALEZ,  ) | No. 8:12-cv-858-T-27-AEP |
| CELSO TOMAS FERNANDEZ-GUTIERREZ,  ) | |
| PEDRO GARCIA-ALEJO,  ) | |
| J. MARGARITO GARCIA-HERNANDEZ,  ) | |
| LUIS GOMEZ-LOPEZ,  ) | |
| RENE GONZALEZ-MELGAREJO,  ) | |
| SALVADOR HERNANDEZ-ANDRES,  ) | |
| GENARO HERNANDEZ-CANO,  ) | |
| NESTOR HERNANDEZ-GARCIA,  ) | |
| ALEJANDRO HERNANDEZ-LINOS,  ) | |
| BERNABE HERNANDEZ-LUGO,  ) | |
| GUILLERMO HERNANDEZ-MELO,  ) | |
| JUAN ANTONIO HERNANDEZ-RODRIGUEZ,) | |
| LUCIO HUERTA-SANCHEZ,  ) | |
| ALBERTO ISTACUA-HERNANDEZ,  ) | |
| ELEUTERIO ITEHUA-TLAXCALTECATL,  ) | |

**RUFINO IXTACUA-HERNANDEZ,** )
**AMADO JIMENEZ-SAN MARTIN,** )
**RICARDO JUAREZ-RIVERA,** )
**DELFINO LIVE-AVILA,** )
**FIDEL LIVE-AVILA,** )
**PEDRO LIVE-AVILA,** )
**CARLOS LOPEZ-CRUZ,** )
**JULIAN LOPEZ-ESQUIVEL,** )
**CIRO LOPEZ-GARCIA,** )
**BRUNO LUGO-PEREZ,** )
**SATURNINO LUGO-SIERRA,** )
**FELIX MARIA-ARGUELLO,** )
**NEMORIO MARIA-ARGUELLO,** )
**DIONISIO MARTAGON-CORTES,** )
**CARMELO MARTINEZ-PEÑA,** )
**PORFIRIO MAYAHUA-LEYNES,** )
**CLEMENTE MELO-LUGO,** )
**JESUS MENDEZ-PERDOMO,** )
**ANTELMO MENDOZA-CEFERINO,** )
**SERVANDO MIRANDA-PREZA,** )
**FACUNDO MORALES-GONZALEZ,** )
**SANTIAGO NUÑEZ-RITA,** )
**JUSTINO OLAYA-SERRANO,** )
**MARCO ANTONIO ORTIZ-LORENZO,** )
**CIRO PEREZ-GARDUÑO,** )
**ENRIQUERAMIREZ-LOBATO,** )
**VENANCIANO REYES-DOMINGUEZ,** )
**MARTIN RIVERA-HERNANDEZ,** )
**TEODORO ROJAS-LAZARO,** )
**JUAN ROMERO-DUARTE,** )
**ALBERTO SALOME-PEÑA,** )
**AGUSTIN SANCHEZ-CHAVEZ,** )
**JORGE SANCHEZ-CHAVEZ,** )
**ARNULFO SANCHEZ-MARTINEZ,** )
**JUAN SANTIAGO-GUZMAN,** )
**AQUILEO SANTOS-LUCAS,** )
**LUIS ANTONIO SOTO-MERCADO,** )
**JUAN CARLOS TELLO-SANCHEZ,** )
**RUFINO TEMOXTLE-DOLORES,** )
**MELITON TEPOLE-TETZOYOTL,** )
**ZENAIDO MISAEL TETZOYOTL-** )
     **XOCHIQUIQUIXQUI,** )
**AARON TLEHUACTLE-ACATZIHUA,** )
**ARMANDO TOMAS-REYES and** )
**FLORENTINO TOMAS-REYES,** )

|                              |   |
|------------------------------|---|
| **Plaintiffs,**              | ) |
|                              | ) |
|                              | ) |
| **vs.**                      | ) |
|                              | ) |
| **OVERLOOK HARVESTING**      | ) |
| **COMPANY, LLC and**         | ) |
| **BENTLEY BROTHERS, INC.,**  | ) |
|                              | ) |
| **Defendants.**              | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, COSTS OF LITIGATION, AND ATTORNEY'S FEE

### PRELIMINARY STATEMENT

1.  This is an action by 80 migrant farmworkers who obtained visas for employment with Overlook Harvesting Company, LLC (hereinafter, "Overlook"), a subsidiary of Defendant Bentley Brothers, Inc., to pick citrus fruit during the 2007-08 and/or the 2008-09 Florida citrus harvests.  The Plaintiffs bring this action to secure and vindicate rights afforded them by the regulations governing the temporary agricultural foreign worker program, the minimum wage provisions of the Florida Constitution, Art.10 §24, and common law.

2.  The Plaintiffs allege that during the time they were employed by the Defendants during the 2007-08 and/or 2008-09 Florida citrus harvests, the Defendants failed to pay them to required wages and provide transportation and other benefits as required by and applicable federal regulations governing the temporary foreign agricultural worker program and incorporated into their employment contracts. In addition, the Plaintiffs contend that during both the 2007-08 and 2008-09 harvest seasons, the Defendants failed to pay them minimum wages as required by the minimum wage provisions of the Florida Constitution, Art.10 §24.

3.    The Plaintiffs seek money damages and declaratory relief in order to make them whole for the Defendants' violations of law and contractual violations.

## JURISDICTION

4.   Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, this action arising under the laws of the United States; by 28 U.S.C. §1337, this action arising under the Acts of Congress regulating commerce; and by 28 U.S.C. §1367, providing for supplemental jurisdiction over the common law claims.

5.   This Court has supplemental jurisdiction over the claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

6.    Declaratory relief is authorized pursuant to 28 U.S.C. §§2201 and 2202.

## VENUE

7.   Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c).

## PARTIES

8.   Each of the Plaintiffs is a citizen of Mexico who admitted to the United States on a temporary basis pursuant to 8 U.S.C. §1101(a)(15)(H)(ii)(a) to harvest citrus fruit for the Defendants during the 2007-08 and/or 2008-09 Florida citrus harvests, as set forth in greater detail below.

9.   Defendant Overlook Harvesting Company, LLC ("Overlook") is a limited liability corporation based in Winter Haven, Polk County, Florida.  Overlook is a subsidiary of

-4-

Defendant Bentley Brothers, Inc.   Overlook harvests fruit for Bentley Brothers, Inc. at citrus groves in and near Polk, Hardee and DeSoto Counties, Florida.  At all times relevant to this action, Defendant Overlook was an employer or joint employer of the Plaintiffs for purposes of the minimum wage provisions of the Florida Constitution.  At all times relevant to this action, Defendant Overlook was an employer or joint employer of the Plaintiffs within the meaning of 20 C.F.R. §655.100(b) (2008), currently 20 C.F.R. §655.103(b).

10.     Defendant Bentley Brothers, Inc. is a closely-held Florida corporation based in Winter Haven, Florida and is the parent corporation of Defendant Overlook.  Defendant Bentley Brothers, Inc. is a citrus handler that purchases, harvests, hauls and sells citrus fruit in central Florida.  At all times relevant to this action, Defendant Bentley Brothers, Inc. was an employer or joint employer of the Plaintiffs for purposes of the minimum wage provisions of the Florida Constitution in that it exercised operational and pervasive control over the business, financial and employment affairs of Overlook. At all times relevant to this action, Defendant Bentley Brothers, Inc. was an employer or joint employer of the Plaintiffs within the meaning of 20 C.F.R. §655.100(b) (2008), currently 20 C.F.R. §655.103(b).

## STATEMENT OF FACTS

11.     An agricultural employer in the United States may import aliens to perform labor of a temporary nature if the United States Department of Labor certifies that (1) there are insufficient available workers within the United States to perform the job, and (2) the employment of aliens will not adversely affect the wages and working conditions of similarly-situated U.S. workers.  8 U.S.C. §§1101(a)(15)(H)(ii)(a) and 1188 (a)(1).  Aliens admitted in this

fashion are commonly referred to as "H-2A workers."

12. Agricultural employers seeking the admission of H-2A workers must first file a temporary labor certification application with the U.S. Department of Labor. 20 C.F.R. §§655.101(a)(1) and (b)(1) (2008). This application must include a job offer, commonly referred to as a "clearance order" or "job order," complying with applicable regulations, which is used in the recruitment of both U.S. and H-2A workers. 20 C.F.R. §655.101(b)(1)(2008), currently 20 C.F.R. §655.121(a)(1). These regulations establish the minimum benefits, wages, and working conditions that must be offered in order to avoid adversely affecting similarly-situated U.S. workers. 20 C.F.R. §§655.0(a)(2), 655.102(b), and 655.103 (2008), currently 20 C.F.R. §§655.100, 655.120, 655.122 and 655.135. Among these terms are the following:

A.  Payment to all workers of at least the applicable adverse effect wage rate for every hour or portion thereof worked during a pay period. 20 C.F.R. §§655.102(b)(9)(i) and (ii) (2008), currently 20 C.F.R. §§655.120 and 655.122(l). The applicable adverse effect wage rate for Florida was $8.56 per hour from the beginning of the 2007-08 harvest through February 25, 2008 and $8.82 from February 26, 2008 through the conclusion of the 2008-09 harvest was $8.82 per hour;

B.  An assurance that the employer will keep accurate and adequate records with respect to the workers' earnings and all deductions from wages and the reasons therefor. 20 C.F.R. §655.102(b)(7)(i) (2008), currently 20 C.F.R. §655.122(j);

C.  An assurance that the employer will furnish to the worker each payday an hours and earnings statement, listing the worker's earnings, hours worked, units produced on a piece-rate basis and itemizing all deductions from wages. 20

-6-

C.F.R. §655.102(b)(8) (2008), currently 20 C.F.R. §655.122(k);

D.     An assurance that the employer will provide without charge all tools required to perform the job duties, except in instances in which other arrangements are approved in advance by the Regional Administrator of the United States Department of Labor.  20 C.F.R. §655.102(b)(3) (2008), currently 20 C.F.R. §655.122(f);

E.     An assurance that the employer will provide or pay for transportation costs from the worker's home and subsistence *en route* for his travel from his home to the employer's worksite for those individuals who complete the first half of the employment contract period.  20 C.F.R. §655.102(b)(5)(i) (2008), currently 20 C.F.R. §655.122(h)(1);

F.     An assurance that the employer will provide or pay for transportation costs to the worker's home and subsistence *en route* for those individuals who complete the contract period.  20 C.F.R. §655.102(b)(5)(ii) (2008), currently 20 C.F.R. §655.122(h)(2); and

G.     An assurance that the employer will abide by the requirements of 20 C.F.R. §653.501, including the requirements of 20 C.F.R. §653.501(d)(4), mandating compliance with state minimum wage laws.

13.    In instances when an agricultural employer obtains some of its workforce through the H-2A program, the terms of the "clearance order" or "job order" establish the minimum terms and conditions of work on the employer's operations for other similarly-employed agricultural workers. 20 C.F.R. §655.102(b)(14) (2008), currently 20 C.F.R. §655.122(q).

14.  Prior to the commencement of the 2007-08 and 2008-09 Florida citrus harvests,

-7-

Defendant Overlook contracted with Defendant Bentley Brothers, Inc. and various other citrus growers in the area to hand-harvest the growers' citrus crops.

15.    Because of the lack of available documented workers in the area of their operations, the Defendants applied for temporary certification to employ temporary foreign workers to help them meet their labor needs for both the 2007-08 and 2008-09 citrus harvests.   For the 2007-08 harvest, the Defendants filed a temporary labor certification application identifying Overlook as a prospective employer of H-2A workers and seeking 352 individuals to be employed between November 12, 2007 and July 6, 2008.   With respect to the 2008-09 citrus harvest, the Defendants filed a temporary labor certification application identifying Overlook as a prospective employer of H-2A workers and seeking 374 individuals to be employed between November 1, 2008 and July 12, 2009.

16.    The United States Department of Labor accepted the Defendants' temporary labor certification applications as described in Paragraph 15.   Each of these applications included a clearance order containing, *inter alia*, the terms described in Paragraph 12.   The clearance orders required employees to harvest citrus fruit with the use of a picking sack and stated that the Defendants would provide the tools necessary to perform the described job without cost to the workers.

17.    The United States Department of Labor ultimately approved the Defendants' temporary labor certification applications as described in Paragraph 15, allowing the Defendants to import H-2A workers to fill the manpower needs set out in the temporary labor certification applications and accompanying clearance orders.

18.    The Plaintiffs were recruited in Mexico by the Defendants and their agents to fill the positions described in the Defendants' 2007-08 and 2008-09 clearance orders.

19.  Following their recruitment and hiring in Mexico, the Plaintiffs obtained H-2A visas by traveling at their own expense to the United States Consulate in Hermosillo, Sonora, Mexico. At the United States Consulate, the Plaintiffs were interviewed by consular officials and issued H-2A visas for employment with the Defendants.  Because of the time involved in the consular interview process, the Plaintiffs were required to remain in Hermosillo for several days and each of them incurred lodging costs, which they paid themselves.

20.  After obtaining H-2A visas as described in Paragraph 19, the Plaintiffs traveled to the U.S./Mexico border, entering the United States in Arizona.  The Plaintiffs then traveled by bus from Arizona to the area of the Defendants' central Florida operations, where the Plaintiffs were employed picking citrus fruit for the Defendants during the 2007-08 and/or 2008-09 citrus harvests.

21.  Plaintiffs Juan Antonio-Rita, Zenaido Benitez-Hernandez, Bulmaro Chavez-Callejas, Raul Chavez-Resendiz, J. Margarito Garcia-Hernandez, Bernabe Hernandez-Lugo, Fidel Live-Avila, Carlos Lopez-Cruz, Saturnino Lugo-Sierra, Clemente Melo-Lugo, Facundo Morales-Gonzalez and Teodoro Rojas-Lazaro were employed by the Defendants picking citrus fruit during both the 2007-08 and 2008-09 citrus harvest seasons.

22.  Plaintiffs Israel Antonio-Ramirez, Saul Arellano-Hidalgo, Gerardo Avila-Arroyo, Mario Bonilla-Hernandez, Antonio Bricaire-Benitez, Pedro Castellanos-De La Cruz, Nestor Cruz-Benitez, Julio Cuellar-Garcia, Celso DeJesus-Garcia, Filomeno De La Cruz-Reyes, Eliel Del Angel-Simbron, Celso Tomas Fernandez-Gutierrez, Pedro Garcia-Alejo, Luis Gomez-Lopez, Rene Gonzalez-Melgarejo, Genaro Hernandez-Canp, Nestor Hernandez-Garcia, Alejandro Hernandez-Linos, Guillermo Hernandez-Melo, Juan Antonio Hernandez-Rodriguez, Alberto Istacua-Hernandez, Eleuterio Itehua-Tlaxcaltecatl, Rufino Ixtacua-Hernandez, Ricardo

Juarez-Rivera, Delfino Live-Avila, Pedro Live-Avila, Ciro Lopez-Garcia, Bruno Lugo-Perez, Felix Maria-Arguello, Nemorio Maria-Arguello, Dionisio Martagon-Cortes, Carmelo Martinez-Peña, Porfirio Mayahua-Leynes, Antelmo Mendoza-Ceferino, Santiago Nuñez-Rita,Ciro Perez-Garduno, Enrique Ramirez-Lobato, Martin Rivera-Hernandez, Juan Romero-Duarte, Alberto Salome-Peña, Agustin Sanchez-Chavez, Juan Santiago-Guzman, Aquileo Santos-Luca, Juan Carlos Tello-Sanchez, Rufino Temoxtle-Dolores, Meliton Tepole-Tetzoyotl, Zenaido Misael Tetzoyotl-Xochiquiquixqui and Aaron Tlehuactle-Acatzihua were employed by the Defendants picking citrus fruit during the 2007-08 citrus harvest season.

23.    Plaintiffs Carlos Francisco Anaya-Montiel, Pedro Bartolo-Albino, Gumaro Bonilla-Hernandez, German Chavez-Chavez, Edmundo Chavez-Nava, Juan Antonio Duran-Mora, Gonzalo Esteban-Gonzalez, Salvador Hernandez-Andres, Lucio Huerta-Sanchez, Amado Jimenez-San Martin, Julian Lopez-Esquivel, Jesus Mendez-Perdomo, Servando Miranda-Preza, Justino Olaya-Serrano, Marco Antonio Ortiz-Lorenzo, Venanciano Reyes-Dominguez, Arnulfo Sanchez-Martinez, Luis Antonio Soto-Mercado, Armando Tomas-Reyes and Florentino Tomas-Reyes were employed by the Defendants picking citrus fruit during the 2008-09 citrus harvest season.

24.    Before the receipt of their first paychecks for work with the Defendants during the 2007-08 and/or 2008-09 citrus harvests, the Plaintiffs spent considerable sums of money to travel to and become eligible for employment on the Defendants' Florida operations.  These expenses included the purchase of Mexican passports and photographs for use in the passports and visas, visa application and issuance fees, travel from the workers' respective hometowns to United States Consulate in Hermosillo, lodging expenses incurred during the pendency of the adjudication of the workers' visa applications, travel from the visa-issuing consular post to the

site of the Defendants' operations in Florida and charges for the issuance of arrival/departure document I-94 at the United States/Mexico border.  These expenditures were primarily for the benefit of the Defendants, within the meaning of the FLSA, 29 C.F.R. §§531.32(c) and 778.217. The Defendants did not fully reimburse the Plaintiffs for these expenditures to the extent that these pre-employment costs brought the workers' individual first week's wages below the adverse effect wage rate or the Florida minimum wage.

25.   The Defendants failed to fully reimburse those Plaintiffs who completed the first half of their contract for the cost of the transportation from their homes to the Defendants' worksite, as well as their subsistence expenses *en route*.

26.   In order to perform their assigned tasks while employed by the Defendants, the Plaintiffs were required to use picking sacks.  Because they were not provided with all of their picking sacks at no charge by the Defendants, the Plaintiffs were forced to purchase picking sacks at their own expense.

27.   The Defendants failed to pay the Plaintiffs wages at least equal to the adverse effect wage rate for their work during the 2007-08 and/or 2008-09 citrus harvests.

28.   The Defendants' failure to pay the adverse effect wage rate as described in Paragraph 27 resulted in part from their failure to credit the Plaintiffs with all hours worked.  Among other things, the Plaintiffs were not compensated for time viewing instructional videotape presentations directly related to the workers' citrus-harvesting jobs, even though this time was properly compensable.  *See* 29 C.F.R. §§785.27 and 785.28.   In addition, the Defendants routinely and systematically underreported the compensable hours picking fruit by the Plaintiffs in an effort to minimize the amount of supplemental wages owed in addition to the workers' piece-rate earnings in order to boost their workweek compensation to the adverse effect wage

rate.

29.   The Defendants failed to keep accurate and adequate records as required by 20 C.F.R. §655.102(b)(7) (2008), currently 20 C.F.R. §655.122(j), with respect to the work of the Plaintiffs.  Among other things, the Defendants did not accurately record with regard to each worker the number of compensable hours actually worked each day and the time work began and ended each day.

30.   The Defendants failed to furnish to the Plaintiffs hours and earnings statements meeting the requirements of the federal regulations governing the H-2A program, 20 C.F.R. §655.102(b)(8) (2008), currently 20 C.F.R. §655.122(k).  Among other things, the hours and earnings statements furnished to the Plaintiffs by the Defendants did not accurately reflect the hours actually worked or the hours offered.

31.   The Defendants failed to provide or pay for the full cost of the return transportation to Mexico and subsistence *en route* for those individuals who completed the harvest season.

## CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF H-2A REGULATIONS

32.   This count sets forth a claim by the Plaintiffs against the Defendants for their violations of the regulations governing the temporary foreign agricultural worker (H-2A) program.

33.   Despite providing assurances to the United States Department of Labor through its temporary labor certification applications relating to the 2007-08 and 2008-09 harvest seasons that the proffered employment would conform with the regulations governing the temporary foreign agricultural worker program, the Defendants violated these regulations in a number of material respects in their employment of the Plaintiffs.   Among other things:

A.   The Defendants violated the Fair Labor Standards Act and the minimum wage provisions of the Florida Constitution by failing to reimburse the Plaintiffs during their first week of employment for expenses the workers had incurred which primarily benefitted the Defendants, including the purchase of photographs for use in their visas, visa application and issuance fees, travel from the workers' respective hometowns to United States Consulate in Hermosillo, lodging expenses incurred during the pendency of the adjudication of the workers' visa applications, travel from Hermosillo to Florida and charges for the issuance of arrival/departure document I-94 at the United States/Mexico border to the extent that these pre-employment costs brought the workers' individual first week's wages below the adverse effect wage rate, the Florida minimum wage or the Fair Labor Standards Act, as set out in Paragraph 24.

B.   The Defendants failed to fully reimburse those Plaintiffs who completed the first

half of the contract period for the cost of the transportation from their homes to the Defendants' worksite, as well as their subsistence expenses *en route*, as set out in Paragraph 25;

C.     The Defendants failed to provide the Plaintiffs at no charge with picking sacks, tools needed to perform the job tasks assigned to them by the Defendants, as set forth in Paragraph 26;

D.     The Defendants failed to pay the Plaintiffs wages at least equal to the adverse effect wage rate for their work during the 2007-08 and/or 2008-09 citrus harvests, as set forth in Paragraphs 27 and 28;

E.     The Defendants failed to keep accurate and adequate records with respect to the work of the Plaintiffs, as set forth in Paragraph 29;

F.     The Defendants failed to furnish to the Plaintiffs hours and earnings statements meeting the requirements of the federal regulations governing the H-2A program, as set forth in Paragraph 30; and

G.     The Defendants failed to provide or pay for the full cost of the return transportation to Mexico and subsistence *en route* for those Plaintiffs who completed the harvest season, as set forth in Paragraph 31.

34    As a direct consequence of the Defendants' violations of the regulations governing the temporary foreign worker program as set forth in this count, the Plaintiffs have suffered economic injury.

## COUNT II: BREACH OF EMPLOYMENT CONTRACT

35.   This count sets forth a claim by the Plaintiffs against the Defendants for their breach of their employment contracts as embodied in the clearance orders submitted in conjunction with the application for temporary labor certifications as set out in Paragraphs 15 and 16.

36.    The Defendants offered and the Plaintiffs accepted employment on specific terms and conditions, including those set out in Paragraphs 12 and 16.

37.   The Defendants breached their employment contracts with the Plaintiffs by providing terms and conditions of employment that were materially different from those set out in the clearance orders described in Paragraphs 12 and 16, including the following:

A.     The workers were not provided with picking sacks at no cost and were forced to purchase picking sacks themselves, as set forth in Paragraph 26;

B.     The workers were not paid at least the applicable adverse effect wage rate for their labor, as set forth in Paragraphs 27 and 28;

C.     The workers were not paid the Florida minimum wage for each hour they were employed;

D.     The Defendants did not provide inbound transportation and subsistence expenses as required by federal regulations, as set forth in Paragraph 25;

E.     The Defendants failed to maintain payroll records accurately recording the hours worked by Plaintiffs; as set forth in Paragraph 29;

F.     The wage statements furnished to the Plaintiffs each pay period did not accurately show the hours actually worked and the number of tubs harvested and omitted data as to the number of hours offered, as set forth in Paragraph 30; and

G.     The Defendants failed to provide or pay for the full cost of the return

transportation to Mexico and subsistence *en route* for those Plaintiffs who

completed the harvest season, as set forth in Paragraph 31.

38.    As a direct consequence of the Defendants' breaches of their employment contracts

as set out in this count, the Plaintiffs have suffered economic injury.

**COUNT III: MINIMUM WAGE PROVISIONS OF FLORIDA CONSTITUTION**

39.   This count sets forth a claim by the Plaintiffs for damages resulting from the Defendants' violations of the minimum wage provisions of the Florida Constitution, Article 10, §24, during the 2007-08 and 2008-09  Florida citrus harvests.

40.   The Defendants violated the minimum wage provisions of the Florida Constitution by failing to pay Plaintiffs Israel Antonio-Ramirez, Juan Antonio-Rita, Saul Arellano-Hidalgo, gerardo Avila-Arroyo, Zenaido Benitez-Hernandez, Mario Bonilla-Hernandez, Antonio Bricaire-Benitez, Pedro Castellanos-De La Cruz, Bulmaro Chavez-Callejas, Raul Chavez-Resendiz, Nestor Cruz-Benitez, Julio Cuellar-Garcia, Celso DeJesus-Garcia, Filomeno De La Cruz-Reyes, Eliel Del Angel-Simbron, Celso Tomas Fernandez-Gutierrez, Pedro Garcia-Alejo, Luis Gomez-Lopez, J. Margarito Garcia-Hernandez, Rene Gonzalez-Melgarejo, Genaro Hernandez-Canp, Nestor Hernandez-Garcia, Eudes Hernandez-Gonzalez, Alejandro Hernandez-Linos, Bernabe Hernandez-Lugo, Guillermo Hernandez-Melo, Juan Antonio Hernandez-Rodriguez, Alberto Istacua-Hernandez, Eleuterio Itehua-Tlaxcaltecatl, Rufino Ixtacua-Hernandez, Ricardo Juarez-Rivera, Delfino Live-Avila, Pedro Live-Avila, Fidel Live-Avila, Carlos Lopez-Cruz, Ciro Lopez-Garcia, Bruno Lugo-Perez, Saturnino Lugo-Sierra, Felix Maria-Arguello, Nemorio Maria-Arguello, Dionisio Martagon-Cortes, Carmelo Martinez-Pe ña, Porfirio Mayahua-Leynes, Clemente Melo-Lugo, Antelmo Mendoza-Ceferino, Facundo Morales-Gonzalez, Santiago Nuñez-Rita, Ciro Perez-Garduno, Enrique Ramirez-Lobato, Martin Rivera-Hernandez, Teodoro Rojas-Lazaro, Juan Romero-Duarte, Alberto Salome-Peña, Agustin Sanchez-Chavez, Juan Santiago-Guzman, Aquileo Santos-Luca, Juan Carlos Tello-Sanchez, Rufino Temoxtle-Dolores,

Meliton Tepole-Tetzoyotl, Zenaido Misael Tetzoyotl-Xochiquiquixqui and Aaron Tlehuactle-Acatzihua at least $6.67 for every compensable hour of labor every compensable hour of labor each of them performed during calendar year 2007.

41.    The Defendants violated the minimum wage provisions of the Florida Constitution by failing to pay the Plaintiffs at least $6.79 for every compensable hour of labor each of them performed during calendar year 2008.

42.    The Defendants violated the minimum wage provisions of the Florida Constitution by failing to pay Plaintiffs Juan Antonio-Rita, Zenaido Benitez-Hernandez, Bulmaro Chavez-Callejas, Raul Chavez-Resendiz, J. Margarito Garcia-Hernandez, Bernabe Hernandez-Lugo, Fidel Live-Avila, Carlos Lopez-Cruz, Saturnino Lugo-Sierra, Clemente Melo-Lugo, Facundo Morales-Gonzalez and Teodoro Rojas-Lazaro at least $7.21 for every compensable hour of labor every compensable hour of labor each of them performed during calendar year 2009.

43.    The violations of the minimum wage provisions of the Florida Constitution as set out in Paragraphs 40, 41 and 42 resulted in part from the Defendants' failure to supplement the piece-rate earnings of the Plaintiffs so as to raise their respective pay period wages to a rate equal to or exceeding the applicable Florida minimum wage;

44.    The violations of the minimum wage provisions of the Florida Constitution as set out in Paragraphs 40, 41 and 42 resulted in part from the Defendants' failure to credit the Plaintiffs with all compensable hours worked, including time each of them spent viewing instructional videotape presentations directly related to their citrus-harvesting jobs.

45.    The violations of the minimum wage provisions of the Florida Constitution as set out in Paragraphs 40, 41 and 42 resulted in part from the Defendants' failure to fully reimburse

the Plaintiffs during their respective  first week of employment in the 2007-08 and/or 2008-09

citrus harvests for expenses each of them incurred and  facilities primarily benefitting the

Defendants, as further described in Paragraph 24.

46.    As a result of the Defendants' violations of the minimum wage provisions of the

Florida Constitution as described above, each of the Plaintiffs is entitled to recover the amount

of his unpaid minimum wages, and an equal amount as liquidated damages, pursuant to Art. 10,

§24 (e) of the Florida Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court enter an order:

a.    Declaring that Defendants violated the regulations governing the temporary foreign agricultural worker (H-2A) program as set forth in Count I;

b.    Declaring that Defendants breached their employment contracts with the Plaintiffs as set forth in Count II;

c.    Declaring that Defendants violated the minimum wage provisions of the Florida Constitution, as set forth in Count III;

d.   Granting judgment in favor of Plaintiffs and against the Defendants, jointly and severally, on these Plaintiffs' claims as set forth in Count I, and awarding each of them their actual and compensatory damages;

e.    Granting judgment in favor of the Plaintiffs and against the Defendants, jointly and severally on the contract claims set forth in Count II and awarding the Plaintiffs their actual and compensatory damages;

f.   Granting judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, on the claims brought under the minimum wage provisions of the Florida Constitution as set forth in Count III and awarding each of the Plaintiffs the amount of his respective unpaid minimum wages, along with an equal amount as liquidated damages;

g.    Awarding the Plaintiffs a reasonable attorney's fee pursuant to §448.08 and the Florida Constitution, Article X, Section 24;

h.   Awarding the Plaintiffs the costs of this action; and

i.   Granting such further relief as this Court deems just and appropriate.

-20-

Respectfully submitted,


***/s/ Gregory S. Schell***
Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone:     (561) 582-3921
Facsimile:      (561) 582-4884
e-mail: Greg@Floridalegal.Org


***/s/ Victoria Mesa***
Victoria Mesa
Florida Bar Number 076569
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone:     (561) 582-3921
Facsimile:      (561) 582-4884
e-mail: Victoria@Floridalegal.Org


Attorneys for Plaintiffs